[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15870
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-01158-RBD-TEM

JERRY DAVIS,

Plaintiff - Appellant,

versus

OFFICER C. HODGES,
OFFICER J. OLIVE,
OFFICER J. THURMAN,
OFFICER M. GRIFFIN,
SERGEANT H. CARRASQUILLIO,
in their individual capacities,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 13, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Davis, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim for failure to state a claim upon which relief may be granted.

I.

In his complaint, Davis alleged that prison officers violated his Eighth Amendment rights when they conspired to have another inmate assault him, incited the other inmate to assault him, and then allowed the assault to occur without intervening to protect him. Davis sought compensatory damages. As a result of the altercation with the other inmate, the Florida Department of Corrections charged Davis and found him guilty of a fighting infraction for which he lost thirty days of gain-time credit. Davis did not challenge the loss of his gain time in his § 1983 suit.

The district court dismissed Davis's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] for failure to state a claim on which relief may be granted.

_____

[1] Section 1915(e)(2)(B)(ii) provides that a district court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2

The court determined that the claim was barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), which precludes § 1983 claims that necessarily challenge the validity of an underlying conviction. See id. at 486–87, 114 S. Ct. at 2372; see also Edwards v. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584, 1588 (1997). On appeal, Davis argues that his complaint is not barred under Heck because success on his claims would not invalidate his disciplinary conviction or loss of gain time.

## II.

We review de novo a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), taking the allegations in the complaint as true, Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003), and liberally construing pro se pleadings, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

In Heck, the Supreme Court held that if a judgment in favor of the plaintiff on his § 1983 claim for money damages "would necessarily imply the invalidity of his conviction or sentence," the district court must dismiss the complaint, unless the conviction or sentence has already been invalidated. 512 U.S. at 487, 114 S. Ct. at 2372. The Court later extended this bar to prison disciplinary judgments that result in the deprivation of good-time credits. See Edwards, 520 U.S. at

3

646–48, 117 S. Ct. at 1588–89.  However, Heck only applies to prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement.  See Wilkinson v. Dotson, 544 U.S. 74, 79, 81–82, 125 S. Ct. 1242, 1246–48 (2005); Muhammad v. Close, 540 U.S. 749, 754, 124 S. Ct. 1303, 1306 (2004).  Thus, as we have made clear, the same facts underlying a conviction, or in this case, a disciplinary judgment, can also give rise to a § 1983 claim without implicating Heck.  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007) ("[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred.").

In his § 1983 claim, Davis alleged Eighth Amendment violations based on the prison officers' purported conspiracy to have another inmate assault him, incitement of that inmate to assault him, and allowing the inmate to assault him. We have recognized that an inmate "has a constitutional right to be protected . . . from physical assault by other inmates," Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1996), and that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment," Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotation marks omitted).  To be deliberately indifferent, a prison official must be "subjectively aware of the substantial risk of serious harm" and fail "to respond reasonably to

4

the risk." Id. (quotation marks and alterations omitted). To prove conspiracy, a plaintiff must demonstrate that the defendants reached an understanding to violate his constitutional rights. Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2010).

We conclude that the Eighth Amendment violations Davis alleged do not necessarily imply that the disciplinary judgment revoking his good-time credits is invalid. See Muhammad, 540 U.S. at 754, 124 S. Ct. at 1306. The prison disciplinary report indicates that Davis committed the infraction of fighting with another inmate. A prison officer witnessed Davis involved with another inmate "in a physical altercation wherein they were head butting each other and pushing each other against the walls." Davis's Eighth Amendment claims do not necessarily invalidate the Florida Department of Corrections's determination that Davis was guilty of fighting with the other inmate.

The defendant officers argue that Heck and Edwards necessarily bar Davis's claim, because his version of the facts are "at odds with the prison disciplinary convictions." Specifically, Davis portrays himself as the victim of aggression, whereas the disciplinary report purportedly found Davis to be a "mutual

aggressor."[2]  However, the disciplinary report's finding that Davis and the other inmate were "head butting each other and pushing each other against the walls" does not necessarily contradict or even undermine Davis's claims that prison officers conspired to put him in that situation, that they incited the other inmate to attack him, and that they failed to intervene.  The disciplinary report does not otherwise describe the elements of the infraction, so we cannot say that Davis's allegations would necessarily invalidate the revocation of his gain-time credits. See Muhammad, 540 U.S. at 754–55, 124 S. Ct. at 1306.

IV.

For these reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

---

[2]  This is how the defendant officers characterize Davis's role in the fight.  The report does not use this term.

6